# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:03cr128 |
| | § | (Judge Schell) |
| BOBBY DON MULLINIX | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of the Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 6, 2006 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Edward Richardson. The Government was represented by Tracey Batson.

On February 17, 2004, the Defendant was sentenced to 15 months imprisonment followed by a 3 year term of supervised release for the offense of Possession of a Stolen Firearm. On September 7, 2004, Defendant completed his period of imprisonment and began service of his supervised term.

On April 11, 2005, the Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The Probation Officer amended the petition on April 3, 2005. Defendant is alleged to have violated the following terms of his supervised release: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not

1

purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or paraphernalia related to such substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first 5 days of each month; (4) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (5) Defendant shall notify the probation officer within 72 hours of being arrested or questioned by law enforcement; (6) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered; (7) Defendant shall not unlawfully use a controlled substance; (8) Defendant shall participate in a program of testing and treatment for drug abuse under the guidance and direction of the U.S. Probation Office until such time as Defendant is released from the program by the Probation Officer; (9) Defendant shall not commit another federal, state, or local crime; (10) Defendant shall not possess a firearm, destructive device, or any other dangerous weapon; (11) Defendant shall not unlawfully possess a controlled substance; and (12) Defendant shall pay restitution of $1,250 and a fine of $3,000.

The Government alleges that Defendant committed the following violations: (1) Defendant submitted urine specimens on November 10, 2004, November 24, 2004, and February 2, 2005 which tested positive for methamphetamine; (2) On February 23, 2005, Defendant failed to report to the United States Probation Officer after being instructed to do so; (3) Defendant failed to submit a written monthly report for

February, 2005; (4) On October 24, 2004, Defendant was at a residence in Sherman, Texas, where marijuana was being used, and one of Defendant's associates was arrested for possession of marijuana; (5) Defendant failed to attend drug aftercare treatment on January 6, 2005, January 13, 2005, and February 2, 2005; (6) Defendant failed to contact the random urine collection program from March 11, 2005 until March 27, 2005; (7) Defendant is alleged to have committed Assault Causing Bodily Injury on June 6, 2005; (8) On June 2, 2005, Defendant is alleged to have committed the offenses of Evading Arrest/Detention with a Vehicle, Manufacture and Delivery of a Controlled Substance, Possession of a Controlled Substance, Possession of Drug Paraphernalia, Possession of a Controlled Substance PG4, and Failure to Comply with Requirements upon Striking a Vehicle Causing Damage; and (9) Defendant failed to submit payments towards his outstanding restitution and fine after January, 2005.

Defendant entered a plea of true to all but the seventh and eighth listed violations. The Government elected to proceed on these violations, and presented the testimony of Officer Jones of the Savoy Police Department, Officer Dennis Roberson of the Whitewright Police Department, Officer Susan Armstrong of the Whitewright Police Department, and Officer Shea Rhoades of the Sherman Police Department. Defendant called no witnesses.

Officer Jones testified that in May or June of 2005, Defendant's grandmother had asked him to locate Defendant because Defendant was driving her car without permission. On June 2, 2005, Officer Jones saw Defendant driving his grandmother's

car and attempted to apprehend Defendant. When Officer Jones turned on his overhead lights, Defendant threw a pink bag out the window of the car and then fled on foot. Officer Jones did not catch Defendant, but he retrieved the bag, which he discovered to contain methamphetamine and drug paraphernalia.

Officer Dennis Roberson of the Whitewright Police Department testified that Brandi Lewis accused Defendant of taking her money, breaking her finger, and bruising her arm on or about June 6, 2005. Ms. Lewis also accused Defendant of brandishing a firearm and threatening to kill her and her family. Officer Susan Armstrong of the Whitewright police department testified that Brandi Lewis complained that Defendant had assaulted her, choked her, and taken her purse. Officer Shea Rhoades of the Sherman Police Department testified that Brandi Lewis had complained that Defendant had pulled her hair and threatened to kill himself and her. Officer Rhoades also corroborated testimony that Defendant was brandishing a firearm on the occasion at issue.

After hearing the testimony, the Court found that sufficient evidence existed to establish that Defendant had violated the terms of his supervised release.

## **RECOMMENDATION**

This Court finds that the Defendant violated the conditions of his supervised release. The Court recommends that the District Court revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, to be served consecutively to any other sentence,

with eighteen (18) months of supervised release to follow. It is further recommended that Defendant be ordered to pay $1,030.00 to the victim listed in the "Victim Impact" section of Defendant's Presentence Report and that Defendant be ordered to pay a fine in the amount of $3,000. The Court recommends that both the fine and restitution payments shall be due immediately, paid as directed by the Probation Officer, payable by cashier's check or money order, made out to the United States District Court and forwarded to the Fine and Restitution Section, United States Courts, P.O. Box 570, Tyler, Texas 75710.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 11th day of April, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE